**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NIAKEIA SIBBY

    Plaintiff,

v.                                                         Case No. 04-CV-75025-RHC

OWNIT MORTGAGE SOLUTIONS, INC.,
(f/k/a Oakmont Mortgage Company,
Inc.) and COUNTRYWIDE HOME LOANS, INC.

    Defendant.
                                                   /

**OPINION AND ORDER GRANTING DEFENDANT
COUNTRYWIDE HOME LOANS INC.'S "BILL OF COSTS"**

On February 28, 2006, the court entered judgment in favor of Defendants Ownit Mortgage Solutions, Inc., ("Ownit") and Countrywide Home Loans, Inc. ("Countrywide") against Plaintiff Niakeia Sibby. Plaintiff appealed and the Sixth Circuit Court of Appeals affirmed on July 9, 2007.[1] On August 7, 2007, Countrywide filed a "Bill of Costs" seeking $386.00 in court reporter fees and Plaintiff objected the same day. The court will, for the reasons stated below, grant Countrywide's Bill of Costs.

**I. STANDARD**

At issue is the applicability of Eastern District of Michigan Local Rule 54.1, which took effect June 1, 2007. In regards to Taxation of Costs, the rule states:

> A party seeking costs must file a bill of costs no later than 28 days after the entry of the judgment. The clerk will tax costs under Fed. R. Civ. P.

---

[1] The uncertified order of the Sixth Circuit was filed on this court's docket on July 9, 2007. The mandate for the appeal was not filed until August 15, 2007.

> 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the court's web site.
>
> **COMMENT:** A post-judgment motion that extends the time to appeal also extends the time to file a bill of costs under this rule until 28 days after the court rules on the post-judgment motion. *Miltimore Sales Inc. v. International Rectifier Inc.,* 412 F.3d 685 (6th Cir 2005).

Additionally, when evaluating the scope of amended rules, Rule 1.1 is applicable, which states:

> These rules supersede all previous Rules promulgated by this Court or any Judge of this Court. They shall govern all applicable proceedings brought in this Court after they take effect. They also shall apply to all proceedings pending at the time they take effect, except to the extent that in the opinion of the Court the application thereof would not be feasible or would work injustice, in which event the former Rules shall govern.

E.D. Mich LR 1.1(d).

## II. DISCUSSION

### A. Timeliness

Plaintiff objects to Countrywide's Bill of Costs, arguing that Countrywide's filing is untimely based on the amended Local Rule 54.1, which prescribes a 28-day time limitation after entry of judgment for a party to file a bill of costs. (Pl.'s Obj. at 2.) Plaintiff argues that Countrywide's filing on August 7, 2007 exceeds the 28-day time limitation set forth in Rule 54.1, as amended. (Pl.'s Obj. at 2.) In response, Countrywide asserts that the previous version of Rule 54.1, which contained no time limitation, should be applicable in this case because amended Rule 54.1 was not effective when judgment was entered against Plaintiff on February 28, 2006. (Def.'s Am. Resp. at 4.)

Under the circumstances, the court does not believe that the amended Rule 54.1 should "reach back" and apply to the judgment date in district court. Such an outcome, pursuant to Rule 1.1(d), would not be feasible and would work an injustice. *See also Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685 (6th Cir. 2005). Countrywide had no way of knowing (1) that Rule 54.1 would change or (2) that it would certainly prevail on appeal and have its judgment affirmed.[2] It was therefore reasonable at that time to assume that, upon completion of the appeal, Countrywide could seek its costs and worry about no specific time limit. As such, the relevant date for purposes of this inquiry is the filing of the mandate from the Sixth Circuit: August 15, 2007. The mandate is "the document by which [the Sixth Circuit] relinquishes jurisdiction and authorizes the originating district court or agency to enforce the judgment of this Court." 6 Cir. I.O.P. 41(a); *see also* 6 Cir. R. 41. The Bill of Costs is timely because Countrywide filed it over a week before the mandate was filed and less than a month after the Sixth Circuit filed its uncertified order affirming this court. The court will therefore reject Plaintiff's objection and grant Countrywide's Bill of Costs.

### B. Rule 11 Sanctions

The court will not decide Plaintiff's "request" for sanctions, as it was not made in a separate motion that would have been more fully briefed. Moreover, even if Plaintiff properly presented her request in a separate motion, the court would deny the motion on the merits, as Countrywide's Bill of Costs is proper. Accordingly, Plaintiff's request for Rule 11 sanctions is denied.

---

[2] Plaintiff filed a notice of appeal on March 28, 2006, one month after this court entered judgment on February 28, 2006.

3

### III. CONCLUSION

IT IS ORDERED that Countrywide's Bill of Costs [Dkt. # 36] is GRANTED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 19, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 19, 2007, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522